**NOT FOR PUBLICATION**

```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
```

CARLOS MOLINA,                  :
                                      Civil Action No. 04-4191 (RBK)
       Petitioner,    :

       v.             :   **OPINION**

ROY L. HENDRICKS, et al.,       :

       Respondents.   :


**APPEARANCES:**

Carlos Molina, Petitioner pro se
164603b
New Jersey State Prison
P.O. Box 861, 2-Right
Trenton, NJ 08625

Linda K. Danielson
Office of the NJ Attorney General
Division of Criminal Justice
Appellate Bureau
P.O. Box 086
Trenton, NJ 08625
Attorney for Respondents

**KUGLER**, District Judge

    Petitioner Carlos Molina, a prisoner currently confined at New Jersey State Prison, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  The respondents are

---

[1] Section 2254 provides in relevant part:

(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in

Administrator Roy L. Hendricks and former Attorney General Peter C. Harvey.  For the following reasons, the Petition will be dismissed as untimely.

## BACKGROUND

On August 15, 1986, Petitioner was convicted in the Superior Court of New Jersey, Law Division, Cumberland County, of various state law crimes.  He was sentenced to a life sentence with thirty years parole ineligibility, consecutive to a twenty year sentence with ten years parole ineligibility.  (Respondents' Exhibit, "R" 1 at p. 2).

The Superior Court of New Jersey, Appellate Division ("Appellate Division") affirmed the conviction on July 26, 1989.  (R4).  The New Jersey Supreme Court denied certification on October 11, 1989.  (R7).  Petitioner did not petition the United States Supreme Court for a writ of certiorari.

At some point thereafter, Petitioner filed with the Superior Court, Law Division, Cumberland County, a first petition for post-conviction relief ("PCR").  (R8).  The court denied the PCR petition on March 9, 1990.  (R9 at p. i).  Petitioner appealed the denial of PCR relief to the Appellate Division, which affirmed the denial on November 30, 1990.  (R12).  The New Jersey

---

violation of the Constitution or laws or treaties of the United States.

Supreme Court denied certification to review the PCR petition on January 24, 1991. (R15).

Petitioner filed a second PCR petition in 1991. The Law Division denied the petition on August 21, 1991. (R16 at p. ii). The Appellate Division affirmed the denial on November 24, 1992. (R19). The New Jersey Supreme Court denied certification to review the second PCR petition on January 28, 1993. (R22).

Petitioner filed a third PCR petition thereafter. The petition was denied, and the denial was affirmed by the Appellate Division on March 31, 1995. (R26). The New Jersey Supreme Court denied certification to review the third PCR petition on May 25, 1995. (R29).

Petitioner filed a fourth PCR petition dated August 28, 1995. (R30). The petition was denied, and the denial was affirmed by the Appellate Division on April 9, 1996. (R36). The New Jersey Supreme Court denied certification to review the fourth PCR petition on June 28, 1996. (R39).

Petitioner filed a fifth PCR petition in August of 1999. (R40c at p. DA 439). The petition was denied on January 29, 2001. The Appellate Division affirmed the denial on October 7, 2002, and the New Jersey Supreme Court denied certification to review the fifth PCR petition on September 8, 2003.

The instant petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254 is dated August 23, 2004; thus, the

petition will be deemed filed as of that date for purposes of this Opinion.  See Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1999) ("a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court") (citing Houston v. Lack, 487 U.S. 266 (1988)). Respondents filed an Answer to the Petition on September 27, 2005.  Petitioner filed his Traverse on November 4, 2005.

## DISCUSSION

Pursuant to 28 U.S.C. § 2254, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

**A.    Statute of Limitations**

Respondents raise as an affirmative defense that the instant petition is untimely.  (See Answer, Affirmative Defense I, p. 36).

The limitations period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Thus, evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

   1.    When did judgment become final?

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court.  See Swartz v. Meyers, 204 F.3d 417,

419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.  In this case, Petitioner's judgment of conviction was filed on October 11, 1989.  Thus, his conviction became final 90 days later on or about January 9, 1990.

Because Petitioner's conviction became final before April 24, 1996, the effective date of the Anti-Terrorism Effective and Death Penalty Act, the petitioner had one year, or until April 23, 1997, to file his petition for a writ of habeas corpus.  See Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 617 (3d Cir. 1998).  The instant petition was filed on August 23, 2004, more than seven years later.

    2.   Statutory Tolling

An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled from the time it is "properly filed," during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz, 204 F.3d at 420-24.[2]

---

[2] Also, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)."  Stokes v. District Attorney of the County of

In Petitioner's case, Petitioner's fourth PCR petition was pending from August 28, 1995 until June 28, 1996.  His fifth PCR petition was filed in August of 1999, and remained pending until September 8, 2003.  Therefore, from April 23, 1997, when Petitioner's statute of limitations expired, until August of 1999, when he filed his fifth PCR petition, over two years had passed.  Therefore, Petitioner does not benefit from the statutory tolling provision of § 2244, as his limitations period had expired before he filed his fifth PCR petition.  See Long v. Wilson, 393 F.3d 390, 394-95 (3d Cir. 2004)(state PCR petition had no effect on tolling because the limitations period had already expired by the time PCR petition was filed); see also Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.)(section 2244(d) does not permit reinitiation of one-year limitations period that has ended before state PCR limitations period expired), cert. denied, 540 U.S. 924 (2003); Tinker v. Moore, 255 F.3d 1331, 1333-34 (11th Cir. 2001)(state court PCR petition timely filed after the expiration of one-year federal limitations period does not toll or reinitiate federal limitations period); Powell v. Williams, 981 F. Supp. 1409, 1414 (D.N.M. 1997)(time between final judgment and commencement of state habeas proceedings is counted toward one-year limitations period);

---

Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

7

Hughes v. Irvin, 967 F. Supp. 775, 778 (E.D.N.Y. 1997)(time periods between various state PCR applications counts toward one-year limitations period).

Additionally, the Court notes that after Petitioner's fifth PCR petition was denied review by the New Jersey Supreme Court in September of 2003, Petitioner waited eleven more months before filing the instant petition in this Court in August of 2004.

3. Equitable Tolling

The Court notes that the limitations period of § 2244(d) is also subject to equitable tolling. See Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). However, equitable tolling applies:

> only when the principles of equity would make the rigid application of a limitation period unfair.  Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights.  The petitioner must show that he or she exercised reasonable diligence in investigating and bringing [the] claims.  Mere excusable neglect is not sufficient.

Miller, 145 F.3d at 618-19 (citations omitted). Among other things, the Court of Appeals for the Third Circuit has held that equitable tolling may be appropriate "if the plaintiff has timely asserted his rights mistakenly in the wrong forum," i.e., if a petitioner has filed a timely but unexhausted federal habeas petition. See Jones, 195 F.3d at 159; see also Duncan v. Walker,

8

533 U.S. 167, 183 (2001) (Stevens, J., joined by Souter, J., concurring in part).

    4.   <u>Petitioner's Arguments</u>

Petitioner addresses Respondents' statute of limitations argument in his Traverse. He argues that his petition is subject to equitable tolling "as a result of extraordinary circumstances beyond his control that prevented him from filing a timely habeas corpus." (Traverse, p. 20).

Petitioner states that in 1996, he was involved with a gang member who posed as a "paralegal middleman" for the gang, and that this person filed an unauthorized post-conviction brief in his name to attempt to extort money from him for filing the brief. (Traverse, p. 21). Petitioner states that:

> And on June 18, 1997 six days before Molina's Petition for habeas corpus was due, someone from the prison gang invaded Molina's cell– during the 5:30 p.m. mass movement to the chow dining hall where Molina sat eating dinner– and stole all his legal papers including his petition and brief for writ of habeas corpus.
>
> That evening when Molina discovered his petition and brief for habeas corpus stolen, he was made aware that it was done in retaliation for pointing out the gang's former middleman . . . when he attempted to address the way the gang operated and swindled him . . . . .

(Traverse, pp. 22-23). Petitioner contends that he acted reasonably and diligently by then returning to state court to trace all of his legal work "throughout numerous state courts, and exhaust further remedies on same subsequent legal issues

9

before entering the federal court.  The process of restoring all the legal work was time consuming . . . ._" (Traverse, p. 25).  He stated that this process was not final until he filed his fifth post-conviction petition.  (Traverse, pp. 25-26).  He states that the AEDPA was new at that point and that "surely, then, this court could not expect a pro-se litigant such as Molina in 1997 to understand all the aspect[s] of those A[EDPA] proceedings so early on."  (Traverse, p. 28).

Therefore, it appears that Petitioner argues that equitable tolling should be applied because he was hindered from filing his petition because his papers were stolen, and because he was ignorant of the AEDPA and its application in the federal courts.

    5.   <u>Petitioner Is Not Entitled to Equitable Tolling.</u>

It is well-established that Petitioner's misunderstanding of the law does not warrant equitable tolling.  <u>See</u> <u>Jones v. Morton</u>, 195 F.3d 153, 160 (3d Cir. 1999)(finding that equitable tolling is not applicable to time-barred petition due to petitioner's misunderstanding of exhaustion requirement); <u>School Dist. of Allentown v. Marshall</u>, 657 F.2d 16, 21 (3d Cir. 1981)(ignorance of law is not enough to invoke equitable tolling).

Furthermore, Petitioner's circumstances regarding the allegedly stolen papers do not warrant equitable tolling in this case.  Even if the Court were to presume the situation as an "extraordinary circumstance," Petitioner does not justify the

delay in filing his habeas petition from 1997, when he claims his papers were stolen, until 1999 when his papers were allegedly recovered, until August of 2004 when the petition was finally filed. Petitioner has not demonstrated due diligence in his efforts to timely file the instant petition. See Valverde v. Stinson, 224 F.3d 129, 133-134 (2d Cir. 2000)(although "intentional confiscation of a prisoner's habeas corpus petition . . . by a corrections officer is 'extraordinary' as a matter of law," court must still determine whether circumstances prevented petitioner from filing petition on time to warrant application of equitable tolling); Celaj v. Artuz, 49 Fed. Appx. 331, 333 (2d Cir. 2002)(unpubl.)(even with extraordinary circumstances present, equitable tolling not warranted when petitioner fails to act with due diligence; in this case, petitioner waiting four additional years after circumstances to file petition); Griffith v. Birkett, 2006 WL 724579 at *4 (E.D. Mich. Mar. 17, 2006)(slip copy)(stating that prisoner's "bare assertion" or "unsupported allegation" that legal papers were confiscated by prison officials would not justify equitable tolling)(citations omitted); Bane v. McKee, 2005 WL 3501407 at *4 (E.D. Mich. Dec. 21, 2005)(unpubl.)(noting that habeas petitioner's lack of access to trial transcripts does not preclude petitioner from commencing proceedings and does not equitably toll limitations period; also finding that because petitioner had not provided specific reasons

stating how lack of access to legal materials preventing him from filing habeas petition, he failed to establish basis for equitable tolling); Cox v. Edwards, 2003 WL 22221059 at *4 (S.D.N.Y. Sept. 26, 2003)(unpubl.)(stating that "equitable tolling does not provide an indeterminate amount of time to the petitioner . . . ."); Collingwood v. Snyder, 2002 WL 1446702 at *4 (D. Del. June 28, 2002)(unpubl.)(prisoner's claim that his "legal stuff" was stolen does not warrant equitable tolling when he does not explain why missing documents were necessary to prepare either PCR motion or federal habeas petition).

In this case, the Court finds that Petitioner has asserted no more than a bare allegation that his legal papers were stolen. Next, the Court finds that even if Petitioner's allegations that his papers were stolen are true, which this Court is disinclined to find in light of the fact that Petitioner has fabricated legal documents during the course of his state court litigation and has been found to be untrustworthy,[3] Petitioner waited at least seven years to file his petition in this Court. Thus, the Court finds that Petitioner has not established the facts necessary to afford him the benefit of equitable tolling; that is, he has not

---

[3] Petitioner attaches to his Petition as "Exhibit 20," a letter that purports to be from an Assistant Prosecutor in Cumberland County to an immigration agent. The state courts found that the letter was a fabrication, was not authentic, and was a fraud upon the court perpetrated by Petitioner to get out of state prison. (R40c at p. 530; R42 at pp. 5-6).

demonstrated that he has, in some extraordinary way, been prevented from asserting his claims in this Court.  Assuming, arguendo, that he has established extraordinary circumstances, he has not demonstrated that he exercised reasonable diligence in filing the instant petition.

Accordingly, the petition is untimely, and will be dismissed with prejudice.

## B.   Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and

that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find it debatable that the petition is untimely.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, is dismissed, with prejudice. The Court further finds that no certificate of appealability will issue because Petitioner has not made a substantial showing of the denial of a constitutional right, as required by 28 U.S.C. § 2253.

An appropriate Order accompanies this Opinion.


                                          s/Robert B. Kugler
                                          ROBERT B. KUGLER
                                          United States District Judge
Dated: May 5, 2006